**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CYNTHIA DENNIS,**

       **Plaintiff,**

  **vs.**                                          **Civil Action 2:14-cv-640**
                                                    **Judge Frost**
                                                    **Magistrate Judge King**

**MEDICREDIT, INC.,**

       **Defendant.**

## OPINION AND ORDER

Plaintiff Cynthia Dennis filed this action on June 26, 2014, asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., alleging that defendant unlawfully attempted to collect a consumer debt by placing automatic telephone calls to plaintiff's cellular telephone without plaintiff's express consent.  The Court issued a scheduling order on October 8, 2014, requiring, *inter alia*, that discovery be completed by April 3, 2015, and that "[d]iscovery-related motions must be filed prior to the discovery completion date."  *Preliminary Pretrial Order*, ECF 10.  The scheduling order also noted, consistent with the parties' request, *Rule 26(f) Report of Parties*, ECF 9, that "[t]he parties will not use expert testimony."  *Preliminary Pretrial Order*, p. 2.

This matter is now before the Court on *Plaintiff's Motion to Extend Deadline for Expert Witness Disclosure* ("*Plaintiff's Motion*"), ECF 17.  Plaintiff seeks to "extend the deadline by which Plaintiff must disclose her expert testimony to August 4, 2015."  *Id*. at p. 3.

1

Plaintiff argues that she has until 90 days before trial to disclose expert testimony because the Court did not set a deadline to designate expert witnesses. *Id.* at pp. 1-2. Plaintiff "served on Defendant her Amended 26(a) Initial Disclosures on January 9, 2015," after she determined that expert testimony would be necessary for her claims under the TCPA. *Id.* Plaintiff "did not have an opportunity to prepare [her] expert witness report prior to the close of discovery" because defendant was late in producing technical specifications of the dialing system used to call her. *Id.*

In its response to *Plaintiff's Motion*, defendant argues that resolution of *Plaintiff's Motion* is governed by Federal Rule of Civil Procedure 16(b)(4), and that plaintiff failed to demonstrate "good cause for failing to complete expert discovery, or timely seeking relief from the existing deadlines." *Defendant's Memorandum in Opposition to Plaintiff's Motion to Extend Deadline for Expert Witness Disclosure*, ECF 18, pp. 2-3. Defendant also notes that plaintiff's amended disclosure "does not name an expert, but simply sets forth generically that she would use an expert." *Id.* at p. 2.

Plaintiff argues, for the first time in her reply brief, *Plaintiff's Reply*, ECF 20, that she has established good cause to modify the scheduling order because defendant knew of plaintiff's intention to use expert testimony when she served her amended 26(a) disclosures, but "initially voiced no such concern." *Id.* at p. 1. Plaintiff also argues that her "inability to timely disclose her expert witness is due entirely to Defendant's delay in producing the documentation necessary for the preparation of Plaintiff's expert report." *Id.* at p. 2. Although plaintiff requested the technical

2

specifications of the phone dialer on October 8, 2014, defendant did not produce the information until March 20, 2015. *Id*.

 *Plaintiff's Motion* is governed by Federal Rule of Civil Procedure 16(b). Rule 16(b) requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order that, *inter alia*, limits the time to complete discovery and file motions. Fed. R. Civ. P. 16(b)(3)(A). The Court may also modify, *inter alia*, the timing of disclosures under Rule 26(a) and the extent of discovery. Fed. R. Civ. P. 16(b)(3)(B). The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause."). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

As noted *supra*, the Court issued a scheduling order on October 8, 2014, requiring that discovery be completed by April 3, 2015, and that "[d]iscovery-related motions be filed prior to the discovery completion date." *Preliminary Pretrial Order*, p. 2. The scheduling order also noted that "[t]he parties will not use expert testimony." *Id*. at p. 2. Plaintiff's argument that the scheduling order did not govern the use of expert testimony is therefore without merit; plaintiff's request to submit expert testimony is governed by Rule 16(b). *Plaintiff's Motion* also seeks an extension of the scheduling order to make discovery disclosures, which is governed by Rule 16(b). Finally, the scheduling order required that discovery related motions, such as *Plaintiff's Motion*, be filed by April 3, 2015. Even though plaintiff did not seek leave to file her motion beyond the deadline set in the scheduling order, her implicit request to do so is also governed by Rule 16(b).

Plaintiff has failed to establish good cause to modify the scheduling order; plaintiff has simply not demonstrated that she was diligent in attempting to meet the requirements of the scheduling order. Plaintiff argues that she was unable to produce an expert report during the discovery period because she did not receive defendant's discovery response regarding the "technical specifications of the dialer" until March 20, 2015. *Plaintiff's Reply*, p. 2. However, plaintiff apparently knew as early as January 9, 2015, that she wanted to use expert testimony, but she waited until April 14, 2015, *i.e.*, 11 days after the close of discovery, to file a motion to extend the deadline to disclose her expert report. Even if defendant did not produce the requested discovery until March 20, 2015,

4

plaintiff still has not explained why she waited until after the close of discovery to seek a modification of the pretrial schedule.  In short, plaintiff has not demonstrated that she was diligent in seeking leave to use expert testimony, in meeting the discovery completion deadline, or in meeting the deadline for filing discovery related motions.  *Plaintiff's Motion to Extend Deadline for Expert Witness Disclosure*, ECF 17, is therefore **DENIED**.


May 6, 2015                               *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                      United States Magistrate Judge